**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF COMMERCE, ) <br> 1401 Constitution Avenue, NW ) <br> Washington, DC 20230, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Commerce to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant United States Department of Commerce is an agency of the United States Government and is headquartered at 1401 Constitution Avenue, NW, Washington, D.C. 20230. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 30, 2015, Plaintiff submitted a FOIA request to the National Oceanographic and Atmospheric Administration, a component of Defendant, seeking access to:

> 1. Any and all documents and records of communications sent to or from NOAA officials, employees and contractors regarding, concerning or relating to the methodology and utilization of Night Marine Air Temperatures to adjust ship and buoy temperature data.
> 2. Any and all documents and records of communications sent to or from NOAA officials, employees and contractors regarding, concerning or relating to the use of other global temperature datasets for both NOAA's in-house dataset improvements and monthly press releases conveying information to the public about global temperatures.
> 3. Any and all documents and records of communications sent to or from NOAA officials, employees and contractors regarding, concerning or relating to the utilization and consideration of satellite bulk atmospheric temperature readings for use in global temperature datasets.
> 4. Any and all documents and records of communications sent to or from NOAA officials, employees and contractors regarding, concerning or relating to a subpoena issued for the aforementioned information by Congressman Lamar smith on October 13, 2015.
>
> The time frame for the requested records is October 30, 2014 through October 30, 2015.

6. Plaintiff sent its request via U.S. Postal Service ("USPS") Certified Mail, Receipt No. 70150640000798544253. USPS provided Plaintiff a Domestic Return Receipt signed showing that Defendant received the request by certified mail on November 3, 2015.

7. Defendant has failed to acknowledge Plaintiff's request and has provided no information concerning the status of the request.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by November 23, 2015.

9. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Additionally, Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request that are not lawfully exempt from production.

13. Plaintiff is being irreparably harmed by reason of Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 2, 2015

Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*